*U.S. v. Cedeno-Martinez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand nineteen.

PRESENT:

> DENNIS JACOBS,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> > v.                                        No. 18-3588

ISRAEL CEDENO-MARTINEZ, AKA PUNTA,

> *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:        JON P. GETZ, Vahey Muldoon Reston Getz LLP, Rochester, NY.

FOR APPELLEE:        MONICA J. RICHARDS, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on November 26, 2018, is **AFFIRMED**.

Defendant-Appellant Israel Cedeno-Martinez appeals from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*), arguing that his sentence of 151 months' imprisonment is procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

On June 20, 2018, Cedeno-Martinez pleaded guilty to one count of possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846. The plea agreement provided that Cedeno-Martinez qualified as a career offender under USSG § 4B1.1, based on his prior drug convictions in Massachusetts and New Jersey. It further set forth the parties' agreement that, in light of his career-offender status, Cedeno-Martinez faced a range of 262 to 327 months' imprisonment under the Sentencing Guidelines.

At the sentencing hearing, however, the parties informed the District Court that Cedeno-Martinez no longer qualified as a career offender, in light of our decision in *United States v. Townsend*, 897 F.3d 66 (2d Cir 2018), which we rendered shortly after Cedeno-Martinez entered his guilty plea.[1] (In *Townsend*, we held that a "controlled substance," as defined in USSG § 4B1.2 and applied in USSG § 4B1.1, refers exclusively to substances controlled by federal law under the Controlled Substances Act. *See* 897 F.3d at 68.) The District Court therefore calculated Cedeno-Martinez's Guidelines range without applying the career-offender enhancement. Over defense counsel's objections, the District Court found by a preponderance of the evidence that Cedeno-Martinez's relevant conduct with respect to the charged offense involved at least 1 kilogram of heroin and that he had distributed

---

[1] Cedeno-Martinez pleaded guilty on June 20, 2018; we decided *Townsend* on July 23, 2018; and the District Court sentenced Cedeno-Martinez on October 22, 2018.

controlled substances from his residence in New Jersey. Based on these factual determinations, as well as Cedeno-Martinez's prior convictions in Massachusetts and New Jersey, the District Court calculated the applicable Guidelines range as 121 to 151 months of imprisonment.[2] After hearing from defense counsel (who requested a below-Guidelines sentence of 120 months' imprisonment) and the prosecutor (who advocated for an above-Guidelines sentence of 240 months), the District Court sentenced Cedeno-Martinez primarily to 151 months' imprisonment, an incarceratory term at the top of the newly-calculated Guidelines range.

On appeal, Cedeno-Martinez contends that his sentence of imprisonment is procedurally and substantively unreasonable. For its part, the government urges us to affirm the sentence imposed by the District Court based on the appeals-waiver provision contained in Cedeno-Martinez's plea agreement. Cedeno-Martinez's appeal is very likely barred by appellate waiver. But in any event, we conclude that his sentence is both procedurally and substantively reasonable.

We review the procedural and substantive reasonableness of a sentence for abuse of discretion. *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018). This deferential standard "incorporates *de novo* review of questions of law, including our interpretation of the Guidelines, and clear error review of questions of fact." *Id.* Generally, we will conclude that a sentence is procedurally unreasonable when "the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Bleau*, 930 F.3d 35, 38-39 (2d Cir. 2019) (per curiam) (citation omitted). To evaluate whether a sentence is substantively reasonable, "we review the length of the sentence imposed to

---

[2] Arriving at a total offense level of 29, the District Court first determined that Cedeno-Martinez's base offense level was 30 (based on the finding that his relevant conduct involved at least 1 kilogram of heroin). It then applied a two-level enhancement for maintaining a premises for the distribution of controlled substances. Finally, it subtracted three levels for acceptance of responsibility.

determine whether it cannot be located within the range of permissible decisions." *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019) (citation omitted).

Cedeno-Martinez advances three arguments in support of his position that his sentence is unreasonable. None is availing. First, he urges that the District Court committed procedural error by failing adequately to explain its sentence of 151 months' imprisonment as required by 18 U.S.C. § 3553(c). Under section 3553(c), a sentencing court must "state in open court the reasons for its imposition of a particular sentence." *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015) (internal quotation marks and alterations omitted). Fulfillment of "[t]his requirement serves the important goals of (1) informing the defendant of the reasons for his sentence, (2) permitting meaningful appellate review, (3) enabling the public to learn why the defendant received a particular sentence, and (4) guiding probation officers and prison officials in developing a program to meet the defendant's needs." *United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007). We have, however, "declined to encroach upon the province of district courts by dictating a precise mode or manner in which they must explain the sentences they impose." *United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007).

Section 3553(c) is satisfied by the District Court's statement of reasons in open court. Before imposing sentence, the District Court duly reviewed in open court all the relevant facts of Cedeno-Martinez's case, including his history of addiction, his age, his good behavior while incarcerated, his health problems with diabetes, and the seriousness of his offense. The District Court also acknowledged and discussed the possibility that Cedeno-Martinez's two prior convictions in Massachusetts would be vacated because of evidence tampering in a scandal that had already resulted in the vacatur of more than 11,000 convictions.[3] Cedeno-Martinez does not identify any consideration that the District Court overlooked, and none is apparent to us. Although Cedeno-Martinez may have desired a

---

[3] In January 2013, Sonja Farak—an employee who worked at various forensic labs in Massachusetts—was arrested for evidence tampering. She later pleaded guilty to the charges. Subsequent investigations revealed widespread falsification of evidence at the labs where Farak worked. In 2018, the Massachusetts Supreme Court vacated more than 11,000 convictions involving samples that Farak had been assigned to analyze. Cedeno-Martinez represented to the District Court that he had begun proceedings seeking to vacate his Massachusetts convictions on the ground that they, too, were tainted by Farak's evidence tampering.

more robust discussion of "how each factor affected the [District Court's] decision," section 3553(c) imposes no such requirement. *United States v. Banks*, 464 F.3d 184, 190 (2d Cir. 2006). Instead, "[a]bsent record evidence suggesting the contrary, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors and have steadfastly refused to require judges to explain or enumerate how such consideration was conducted." *United States v. Kimber*, 777 F.3d 553, 565 (2d Cir. 2015) (internal quotation marks and citations omitted). Thus, because the District Court's statements on the record assure us that it "weighed in an appropriate manner the various section 3553(a) factors," *Sindima*, 488 F.3d at 85, we conclude that the District Court fully discharged its statutory duty to state its reasons for sentencing Cedeno-Martinez to 151 months' imprisonment.

Next, Cedeno-Martinez attacks the factual determinations underpinning the District Court's Guidelines calculations, arguing that the District Court erred by finding (1) that Cedeno-Martinez's relevant conduct involved one kilogram or more of heroin, and (2) that he qualified for a two-point enhancement under USSG § 2D1.1(b)(12) for "maintain[ing] a premises" to distribute a controlled substance. We review the District Court's findings of fact for clear error, recognizing that they must be supported by a preponderance of evidence. *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011). We will identify clear error only when the record as a whole leaves us with "the definite and firm conviction that a mistake has been committed." *United States v. Cuevas*, 496 F.3d 256, 267 (2d Cir. 2007) (citation omitted).

In this case, the District Court's disputed factual determinations rested primarily on the grand jury testimony of a cooperating witness ("CW"). The CW attested that (1) he purchased approximately 700 grams of heroin from Cedeno-Martinez; (2) he observed Cedeno-Martinez with additional quantities of the drug; and (3) he would sometimes travel to Cedeno-Martinez's residence in New Jersey to obtain the drugs. Intercepted wire communications similarly connected Cedeno-Martinez to drug transactions in the relevant period and locale involving between 50 and 200 to 300 grams of heroin. These communications, together with GPS information obtained from the cell phone of a co-defendant of Cedeno-Martinez, also bolstered the CW's testimony that Cedeno-Martinez used his residence in New Jersey to distribute controlled substances. In light of this

evidence, we conclude that the record adequately supported the District Court's quantity determination and application of the premises enhancement. Although Cedeno-Martinez seeks to undermine the District Court's findings by attacking the credibility of the testifying CW and by pointing out that law enforcement did not find any drugs when they searched his New Jersey home, these arguments at most show that "there are two permissible views of the evidence." *United States v. Chalarca*, 95 F.3d 239, 244 (2d Cir. 1996) (citation omitted). Under a preponderance standard, however, a district court's choice between two permissible views of the record does not "amount[] to clear error." *Id.* Accordingly, we cannot conclude that the District Court's factual findings were clearly erroneous.

Finally, Cedeno-Martinez's claim of substantive unreasonableness merits little discussion. In evaluating a sentence for substantive reasonableness, "we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). Instead, our review is "particularly deferential, and we have said that [we] will set aside a sentence as substantively unreasonable if it is so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing it to stand would damage the administration of justice." *Degroate*, 940 F.3d at 174 (internal quotation marks omitted).

Here, the District Court reasonably weighed Cedeno-Martinez's mitigating circumstances against the seriousness of his offense, taking into consideration the "integral part" that Cedeno-Martinez played in a drug trafficking organization that, between September 2015 and February 2016, was implicated in "at least three overdose deaths," according to the presentence report. App'x 260-61. In doing so, the District Court gave due consideration to the uncertain status of Cedeno-Martinez's two Massachusetts drug convictions, the state of his health, and the evidence of his good behavior during incarceration. Although Cedeno-Martinez faults the District Court for not assigning greater weight to these factors, "[t]he weight to be afforded any sentencing factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable." *Bleau*, 930 F.3d at 42 (internal quotation marks omitted). After considering the totality of the circumstances of his conviction, we identify no

6

abuse of discretion in his sentence of 151 months' imprisonment; instead, we conclude that his term of incarceration, like "the overwhelming majority" of Guideline sentences, "fall[s] comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (citation omitted).

* * *

We have considered Cedeno-Martinez's remaining arguments and conclude that they are without merit. Accordingly, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court