18-2576-cr
*United States v. Forney*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                            No. 18-2576-cr

DEONDRA FORNEY,

> *Defendant-Appellant*.

---

For Defendant-Appellant:                 Molly Corbett, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Albany, NY.

For Appellee:                                    Thomas R. Sutcliffe, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment entered on August 20, 2018 in the United States District Court for the Northern District of New York (Sharpe, *J.*) revoking defendant's term of supervised release and imposing a new sentence of 10 months' incarceration followed by five years of supervised release.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART and VACATED IN PART and REMANDED**.

Defendant-appellant Deondra Forney challenges two conditions of her supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On June 12, 2017, Forney pleaded guilty to one count of conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). On December 6, the district court imposed a sentence of time served and five years of supervised release. The court also imposed two special conditions recommended in the Presentence Report: that Forney (1) participate in a substance abuse program and (2) refrain from the use of alcohol. Forney did not object to either condition, nor did she appeal her conviction or sentence.

During a home inspection on July 21, 2018, probation officers found Forney at her apartment with her then-boyfriend, Jamal Turner, along with several bags of marijuana and Ecstasy. Forney was thereafter charged with violating several conditions of her supervised release. Following a revocation hearing, the district court found that Forney had violated her

conditions of release by consuming marijuana and by associating with a person—Turner—whom she knew to be engaged in criminal activity. The court revoked Forney's term of supervised release and imposed a new sentence of 10 months' incarceration to be followed by five years of supervised release. The court also imposed six special conditions, requiring Forney to (1) comply with a curfew set by her probation officer; (2) participate in a substance abuse program; (3) participate in a mental health program; (4) refrain from using alcohol; (5) provide any requested financial information to her probation officer; and (6) not "enter, remain in, or patronize any establishment whose business or purpose is the provision or sale of alcoholic beverages for on-site consumption, including . . . bars, taverns, lounges, and nightclubs," as well as "the bar section of any restaurant." Forney did not object to these conditions.

Forney's principal contention on appeal is that the district court erred in imposing special conditions four and six—requiring Forney to abstain from alcohol and from entering bars or similar establishments—without articulating its reasons for doing so. "A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it; the failure to do so is error." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).[1] "In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is self-evident in the record." *Id.* Because Forney did not object to the special conditions, under the circumstances of this appeal, we review for plain error. *See United States v. Burden*, 860 F.3d 45, 55 (2d Cir. 2017) (per curiam). "To establish plain error, a defendant must demonstrate: (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Bleau*, 930 F.3d 35,

---

[1] Unless otherwise noted, case quotations omit all internal quotation marks, citations, footnotes, and alterations.

39 (2d Cir. 2019) (per curiam). "If all three conditions are met, we will then exercise our discretion to rectify this forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Although the district court did not explicitly state why it found it necessary to require Forney to abstain from alcohol, its reasoning is "self-evident in the record." *Betts*, 886 F.3d at 202. Prior to her original sentencing, and while on pre-trial release, Forney was arrested for and pleaded guilty to driving while impaired by alcohol. The district court was therefore justified in concluding that the standard condition, prohibiting only excessive consumption of alcohol, would not be sufficient to further the goals of sentencing. *Cf. id.* at 202–03 (concluding that condition prohibiting consumption of alcohol was unnecessary where record contained no "evidence suggesting that defendant ever seriously abused alcohol"). The district court did not err, let alone plainly, in imposing special condition four.

We reach a different result, however, as to special condition six, which forbids Forney from entering or remaining in any establishment that sells alcohol for on-site consumption, including the bar section of any restaurant. Forney is already forbidden from consuming alcohol; the district court did not explain why this additional restriction is necessary. Moreover, banning Forney from bars and similar establishments significantly curtails her ability to partake in ordinary social and recreational activities. Without any explanation from the district court, we are unable to conclude that special condition six "involves no greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d)(2). "While there may be reasonable arguments to support the imposition of this special condition, we cannot conclude that, *on the present record*, this condition is warranted." *Bleau*, 930 F.3d at 43.

4

We further conclude that the imposition of special condition six was plain error. "The District Court's failure to explain its rationale is plain error because it is not obvious from the record why such a condition was reasonably necessary." *Id.* "Thus, there is a reasonable probability that the error affected the outcome of [Forney's] sentence." *Id.*; *see also Burden*, 860 F.3d at 57.

For the foregoing reasons, we **VACATE** special condition six and **REMAND** the case with instructions to the district court to further consider whether such a condition is reasonably necessary and, if so, to explain the reasons for imposing such a condition. We **AFFIRM** the judgment of the district court in all other respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk