18-1574-cr
*United States v. Bleau*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2018

No. 18-1574-cr

UNITED STATES OF AMERICA,
*Appellee,*

v.

KEITH BLEAU, AKA KEITH J. BLEAU,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the Northern District of New York

SUBMITTED: APRIL 1, 2019
DECIDED: JULY 8, 2019

Before: WALKER, CABRANES, and SACK, *Circuit Judges.*

The principal question on appeal is whether the four-level enhancement pursuant to § 2G2.2(b)(4) of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") may be applied based on images of sexual activity that would cause the depicted minor to experience mental, but not physical, pain. We conclude that it may. Accordingly, we **AFFIRM** the judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*) on the question of the four-level enhancement and the procedural and substantive reasonableness of the sentence, but we **REMAND** the cause to the District Court for further consideration of a special condition of supervised release that broadly prohibits Defendant-Appellant from having direct contact with minors without pre-approval from the United States Probation Office ("Probation Office").

---

Michael D. Gadarian and Richard D. Belliss, Assistant United States Attorneys, *for* Grant C. Jaquith, United States Attorney, Northern District of New York, Syracuse, NY, *for Appellee*.

Molly Corbett and James P. Egan, Assistant Federal Public Defenders, *for* Lisa A. Peebles, Federal Public Defender, Northern District of New York, Albany, NY, *for Defendant-Appellant*.

PER CURIAM:

The principal question on appeal is whether the four-level enhancement pursuant to § 2G2.2(b)(4) of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") may be applied based on images of sexual activity that would cause the depicted minor to experience mental, but not physical, pain. We conclude that it may. Accordingly, we **AFFIRM** the judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*) on the question of the four-level enhancement and the procedural and substantive reasonableness of the sentence, but we **REMAND** the cause to the District Court for further consideration of a special condition of supervised release that broadly prohibits Defendant-Appellant from having direct contact with minors without pre-approval from the United States Probation Office ("Probation Office").

## I. BACKGROUND

Defendant-Appellant Keith Bleau ("Bleau") appeals from a May 15, 2018 judgment of the District Court convicting him of receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Bleau pleaded guilty and was sentenced to concurrent 78-month terms of imprisonment, plus a 15-year term of supervised released.

On appeal, Bleau challenges both the substantive and procedural reasonableness of his sentence and one of the special conditions of his supervised release. He argues that the District Court procedurally erred in declining to apply a two-level reduction pursuant to § 2G2.2(b)(1) of the Guidelines,[1] and in applying a four-level enhancement pursuant to § 2G2.2(b)(4).[2] He also challenges the substantive reasonableness of his sentence. Finally, Bleau contends that the District Court erred by imposing a special condition of supervised release that broadly prohibits him from having direct contact with minors without first obtaining permission from his probation officer.

## II. DISCUSSION

"We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard."[3] "A

---

[1] Section 2G2.2(b)(1) allows for a two-level reduction to a defendant's offense level if "the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor" and "the defendant did not intend to traffic in, or distribute, such material." U.S.S.G. § 2G2.2(b)(1).

[2] Section 2G2.2(b)(4) calls for a four-level enhancement of a defendant's offense level if the offense involved material that portrays "sadistic or masochistic conduct or other depictions of violence" or "sexual abuse or exploitation of an infant or toddler." *Id.* § 2G2.2(b)(4).

[3] *United States v. Castillo*, 896 F.3d 141, 148 (2d Cir. 2018) (internal quotation marks omitted). We note that "'abuse of discretion' is a nonpejorative term of art; it implies no misconduct on the part of the district court." *United States v. Bove*, 888 F.3d 606, 607 n.1 (2d Cir. 2018) (citing *In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010)). The term merely describes circumstances in which a district court "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within

4

sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence."[4] We review a district court's interpretation of the Guidelines *de novo* and its findings of fact for clear error.[5]

A sentence is substantively unreasonable only if it "cannot be located within the range of permissible decisions."[6] Generally, we will only find substantive unreasonableness if the sentence is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law," such that allowing it to stand "would damage the administration of justice."[7]

Finally, while we ordinarily review the imposition of conditions of supervised release for abuse of discretion, we review for plain error where, as here, the defendant had advance notice of the challenged

---

the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks and citation omitted).

[4] *United States v. Sampson*, 898 F.3d 287, 311 (2d Cir. 2018) (internal quotation marks omitted).

[5] *United States v. Young*, 910 F.3d 665, 668 (2d Cir. 2018).

[6] *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

[7] *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted).

condition and failed to object during sentencing.[8] To establish plain error, a defendant must demonstrate: "(1) error, (2) that is plain, and (3) that affects substantial rights."[9] If all three conditions are met, we will then exercise our discretion to rectify this forfeited error only if "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."[10]

## A. Procedural Reasonableness

Bleau contends that the District Court procedurally erred by failing to apply a two-level reduction pursuant to § 2G2.2(b)(1) of the Guidelines and by applying a four-level enhancement pursuant to § 2G2.2(b)(4). Both arguments are without merit.

### 1. Section 2G2.2(b)(1)

Section 2G2.2(b)(1) allows for a two-level reduction of a defendant's Guidelines offense level if the defendant's "conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor," *and* the defendant "did not intend to traffic in, or distribute, such material."[11] It is self-evident from the Guideline text that the requirements for § 2G2.2(b)(1) eligibility are in the

---

[8] *See United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010).

[9] *United States v. Boles*, 914 F.3d 95, 107 (2d Cir. 2019) (internal quotation mark and brackets omitted).

[10] *Id.* (internal quotation mark and brackets omitted).

[11] U.S.S.G. § 2G2.2(b)(1).

conjunctive,[12] such that a defendant will not be eligible for a two-level reduction if, regardless of his intent, his conduct was "related to the transfer of material involving the sexual exploitation of a minor."[13]

Here, Bleau does not dispute that his computer was equipped with peer-to-peer file-sharing software. Nor does he dispute that this software enabled law enforcement to remotely gain access to his files and download child pornography from his computer. Thus, regardless of Bleau's intent, his conduct was indisputably "related to" the transfer and distribution of child pornography, and there was no error in the District Court's denial of a two-level reduction in his offense level pursuant to § 2G2.2(b)(1).

## 2. Section 2G2.2(b)(4)

Section 2G2.2(b)(4) of the Guidelines imposes a four-level enhancement if, *inter alia*, the offense involved material that portrays "sadistic or masochistic conduct or other depictions of violence."[14] We have defined the term "sadism" to include "'the infliction of pain' for sexual gratification, 'delight in physical or mental cruelty,' and the use

---

[12] *See United States v. Reingold*, 731 F.3d 204, 228 (2d Cir. 2013); *United States v. Filippi*, 705 F. App'x 16, 20 (2d Cir. 2017) (summary order) ("The requirements for § 2G2.2(b)(1) eligibility . . . are in the conjunctive."); *see also United States v. Abbring*, 788 F.3d 565, 568 (6th Cir. 2015) (observing that § 2G2.2(b)(1)'s "requirements are conjunctive" and that "distribution in the sense of transfer or sharing (even without regard to knowledge)" precludes reduction).

[13] U.S.S.G. § 2G2.2 cmt. n.1 (defining the term "distribution").

[14] *Id.* § 2G2.2(b)(4)(A).

of 'excessive cruelty.'"[15] We have also explained that this enhancement will apply where "(1) an image depicts sexual activity involving a minor and (2) the depicted activity would have caused pain to the minor."[16] We have not, however, expressly clarified whether the depiction of mental, but not physical, cruelty suffices to trigger the enhancement under § 2G2.2(b)(4). We confirm today that it does.[17] We note, however, that this enhancement has limitations and should not be interpreted in such a way as to make it applicable in "routine" child

[15] *United States v. Freeman*, 578 F.3d 142, 145 (2d Cir. 2009) (quoting *United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir. 1996), which itself quotes *Webster's Third New International Dictionary* 2254 (1986)).

[16] *Freeman*, 578 F.3d at 146.

[17] We hereby join several of our sister Courts of Appeal that have similarly upheld the application of § 2G2.2(b)(4) to images that depict the infliction of mental pain. *See, e.g.*, *United States v. Cover*, 800 F.3d 275, 280 (6th Cir. 2015) ("Under our precedent, there are two ways to show that an image is sadistic: (1) offer evidence that the image depicts the sexual penetration of a prepubescent child . . . or (2) offer evidence that the image depicts violence or the 'infliction of pain,' either mental or physical."); *United States v. Lyckman*, 235 F.3d 234, 239 (5th Cir. 2000) ("[I]t was certainly reasonable for the district court to infer that the conduct depicted by the photographs caused the children pain, physical or emotional or both, and therefore constitutes sadism or violence within the meaning of the guideline."); *United States v. Turchen*, 187 F.3d 735, 739 (7th Cir. 1999) ("[S]adistic and masochistic conduct includes sexual gratification which is purposefully degrading and humiliating, conduct that causes mental suffering or psychological or emotional injury in the victim."); *see also United States v. Johnson*, 680 F. App'x 194, 198 (4th Cir. 2017) ("Sadistic conduct is not limited to activity involving a rope, belt, whip, chains, or other instruments, nor does it necessarily require violent conduct. Rather, images portraying purposefully degrading and humiliating sexual gratification that causes mental suffering or psychological or emotional injury in the victim may also qualify as sadistic under the Guidelines." (internal quotation marks and citations omitted)).

pornography cases, which are awful in their own right but which may not necessarily contain depictions of mental cruelty.

Finally, we note that the analysis of whether an image is "sadistic" under § 2G2.2(b)(4) is strictly objective.[18] The district court should not speculate on the subjective experience of the individual depicted or of the particular defendant viewing the material.[19] Rather, the district court must determine only whether an outside viewer, as he is watching, would perceive the depicted activity as causing physical or mental pain to the minor during the course of the activity.[20] Visible expressions of physical pain or mental suffering will generally cause an objective viewer to believe that the depicted activity would cause pain.

As always, we urge district courts to "take seriously the broad discretion they possess in fashioning sentences under § 2G2.2," recognizing that it is a unique Guideline that can "easily generate

---

[18] *Freeman*, 578 F.3d at 146.

[19] *See id.* ("A sentencing court need not determine whether the people depicted in the image are deriving sexual pleasure from the infliction of pain; nor need it gauge whether the viewer of the picture is likely to derive pleasure from the fact that the image displays painful sexual acts. There is also no need for the sentencing court to determine either why the defendant possessed the images or whether he derived pleasure from them.").

[20] *See id.* ("[T]he determination of whether an image is sadistic under U.S.S.G. § 2G2.2(b)(4) is an objective one."); *see also United States v. Hotaling*, 634 F.3d 725, 731 (2d Cir. 2011) (defining as "sadistic" conduct that includes the "likely infliction of pain, delight in physical or mental cruelty, the use of excessive cruelty, or other depictions of violence" (internal quotation marks omitted)).

unreasonable results."[21] And, of course, while a district court "must still give respectful consideration to the now-advisory Guidelines,"[22] it has the discretion to "tailor the sentence"[23] as it sees fit, and to choose what it deems an appropriate sentence irrespective of the Guidelines range.[24]

*     *     *

Here, the videos that Bleau possessed portray a minor victim performing sex acts upon herself while using a vibrator and other sex toys. The District Court could not conclude one way or another whether the depicted activity would have caused the minor victim to experience *physical* pain.[25] It did, however, find that the videos "depict a child between the ages of 12 and 14 . . . being mentally degraded and humiliated and harmed"[26] and that "objectively, the child is being

---

[21] *United States v. Dorvee*, 616 F.3d 174, 188 (2d Cir. 2010).

[22] *Pepper v. United States*, 562 U.S. 476, 501 (2011) (internal quotation marks omitted).

[23] *Id.* at 491.

[24] *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016) ("The sentencing process is particular to each defendant, of course, and a reviewing court must consider the facts and circumstances of the case before it. The record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." (internal citation omitted)).

[25] J.A. 120 ("I cannot say that there is necessarily physical pain associated with the placement of the vibrators and the penis sex toy into the child's vagina, nor can I exclude that there is physical pain . . . .").

[26] *Id.*

10

degraded and humiliated having to use this vibrator and the male sex toy."[27] It also found that one of the videos portrayed a child who "appear[ed] to be quite nervous," was "biting her fingernails," "ha[d] a look that [the District Court could] only describe as sadness," and "[a]t one point place[d] her hand over her face to partially obscure her face."[28]

We have reviewed the disputed videos and, while we believe this is a very close case, we cannot conclude that the District Court's findings were "clearly erroneous."[29] Accordingly, we affirm the District Court's application of a four-level enhancement under § 2G2.2(b)(4) of the Guidelines.

## B. Substantive Reasonableness

Having found no procedural error in the District Court's Guidelines calculation, we now address the substantive reasonableness of Bleau's sentence. Bleau received a 78-month sentence, a substantial downward variance from his advisory

---

[27] *Id.* at 121.

[28] *Id.* at 120.

[29] *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573–74 (1985) ("If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

11

Guidelines range of 121 to 151 months. He also faced a mandatory minimum five-year term of imprisonment.[30]

During the sentencing hearing, the District Court acknowledged Bleau's lack of criminal history, his steady employment history, and his lack of known inappropriate contact with minors.[31] It also considered several mitigating factors, including the relatively low number of child pornography videos in Bleau's possession.[32] Nevertheless, the District Court expressed considerable concern over Bleau's apparent social isolation, including his lack of recent relationships, his long-term residence at his sister and brother-in-law's house, and his prior employment at an elementary school.[33] Bleau contends that the District Court substantively erred by giving undue consideration to these "social isolation" factors.

The weight to be afforded any sentencing factor "is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable."[34] During sentencing, a district court is statutorily required to consider the need for the sentence "to protect the public

---

[30] *See* 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1).

[31] J.A. 122.

[32] *Id.* at 123.

[33] *Id.* at 122–23.

[34] *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks omitted).

from further crimes of the defendant."[35] A defendant's sociability and the degree of his integration in the community may be relevant to a district court's assessment of the defendant's likelihood to reoffend and the concomitant threat that the defendant poses to the public. Accordingly, we conclude that Bleau's below-Guidelines, 78-month sentence—just 18 months above his mandatory minimum five-year sentence—was substantively reasonable under the circumstances.

## C. Special Condition of Supervised Release

Bleau argues for the first time on appeal that the District Court erred by imposing a special condition of supervised release prohibiting him from having direct contact with minors without first obtaining permission from his probation officer ("Special Condition No. 2" or "special condition"). Bleau contends that this special condition is not reasonably related to the nature and circumstances of his offense and/or his personal history and characteristics. He further asserts that this special condition involves a greater deprivation of liberty than is reasonably necessary and that it is inconsistent with pertinent policy statements issued by the Sentencing Commission.[36]

While there may be reasonable arguments to support the imposition of this special condition, we cannot conclude that, *on the present record*, this condition is warranted. A district court must ordinarily conduct "an individualized assessment" into the necessity

---

[35] 18 U.S.C. § 3553(a)(2)(C).

[36] *See* 18 U.S.C. §§ 3553, 3563(b).

13

of a special condition of supervised release.[37] And, unless obvious from the record, the district court must articulate its reasons for imposing the special condition; its failure to do so is error.[38]

Here, the District Court did not adequately explain why a condition prohibiting direct contact with minors without pre-approval from the Probation Office was reasonably necessary to promote the relevant 18 U.S.C. § 3553(a) factors. Nor is it obvious from the record why such a condition was reasonably necessary. Bleau was not alleged to have engaged in, or attempted to engage in, inappropriate contact with minors, even while working at an elementary school.[39] The record is also devoid of any justification by the District Court for why this condition imposes "no greater deprivation of liberty than is reasonably necessary."[40]

The District Court's failure to explain its rationale is plain error because it is not obvious from the record why such a condition was reasonably necessary. Thus, there is a "reasonable probability that the error affected the outcome" of Bleau's sentence.[41] Accordingly,

---

[37] *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).

[38] *Id.*

[39] *See United States v. Jenkins*, 854 F.3d 181, 194 (2d Cir. 2017) (vacating district court's imposition of a condition barring direct contact with minors without supervision because the defendant "never contacted or attempted to contact any minors").

[40] 18 U.S.C. § 3583(d)(2).

[41] *United States v. Marcus*, 560 U.S. 258, 262 (2010).

we remand the cause to the District Court for further consideration of only Special Condition No. 2, with instructions that (1) the District Court provide a statement of reasons if it decides to adhere to Special Condition No. 2; or (2) if it does not so decide, to modify the sentence to eliminate that special condition.[42]

### III. CONCLUSION

To summarize, we hold as follows:

(1) A defendant is not eligible for a two-level reduction under § 2G2.2(b)(1) of the Guidelines where his use of peer-to-peer file-sharing software enabled law enforcement officers to remotely access and download images of child pornography from his computer, regardless of whether he intended to distribute this content or not.

(2) A district court may apply a four-level enhancement under § 2G2.2(b)(4) of the Guidelines where an image depicts sexual activity involving a minor and the depicted activity would have objectively caused the depicted minor to experience either physical pain or mental cruelty.

---

[42] *See United States v. McGeoch,* 546 F. App'x 44, 49 (2d Cir. 2013) (summary order).

(3) The District Court did not procedurally err in assessing a four-level enhancement under § 2G2.2(b)(4) of the Guidelines where the videos depict activity that would have caused a minor victim to experience mental degradation and harm.

(4) The defendant's below-Guidelines sentence of 78 months' imprisonment was not substantively unreasonable.

(5) The District Court plainly erred by failing to adequately justify its imposition of a special condition of supervised release that prohibited the defendant from having direct contact with minors without pre-approval from the Probation Office.

For the foregoing reasons, we **AFFIRM** the May 15, 2018 judgment of the District Court, but **REMAND** the cause for further consideration only as to Special Condition No. 2, with instructions that the District Court either state on the records its reasons for imposing that special condition, or modify the sentence to eliminate that special condition.