18-3741
*United States v. Hardnett*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand twenty.

Present:
> PIERRE N. LEVAL,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                              18-3741

BRYANT C. HARDNETT,

> *Defendant-Appellant*.

_____

For Defendant-Appellant:          LEE D. GREENSTEIN, Delmar, New York

For Appellee:                     MICHAEL S. BARNETT and PAUL D. SILVER, Assistant United States Attorneys, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, New York

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, and **VACATED AND REMANDED** in part.

Defendant-Appellant Bryant C. Hardnett ("Hardnett") appeals from a judgment of conviction entered December 17, 2018, in the United States District Court for the Northern District of New York (Hurd, *J.*), adjudicating Defendant guilty, following a guilty plea, of three counts of making false claims in violation of 18 U.S.C. § 287 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and sentencing Defendant to thirty months' imprisonment and a three-year term of supervised release, with special conditions including alcohol and substance abuse treatment. Hardnett challenges the district court's denial of his motion to withdraw his guilty plea, as well as two of the special conditions of supervised release. "We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion and any findings of fact in connection with that decision for clear error." *United States v. Juncal*, 245 F.3d 166, 170–71 (2d Cir. 2001). As to Hardnett's challenges to the conditions of his supervised release, where, as here, the defendant had advance notice of the challenged condition and failed to object during sentencing, we review for plain error. *See United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*     \*     \*

Hardnett argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. We disagree. "In general, to determine whether the defendant has shown a fair and just reason to justify withdrawal, a district court considers, *inter alia*: (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2)

2

the amount of time that has elapsed between the plea and the motion . . . ; and (3) whether the government would be prejudiced by a withdrawal of the plea. Courts may also look to whether the defendant has raised a significant question about the voluntariness of the original plea." *United States v. Rivernider*, 828 F.3d 91, 104 (2d Cir. 2016) (omission in original) (internal quotation marks omitted). Hardnett's motion was based not on an assertion of innocence, but rather on allegations, set forth in an affidavit filed nearly six months following the guilty plea, that the plea was the product of coercion by his attorney. Yet the district court conducted an extensive colloquy at the change-of-plea proceeding, over the course of which Hardnett confirmed that he understood that he must not plead guilty unless he was in fact guilty; that he had an obligation to tell the truth under oath; that he was satisfied with his counsel's representation; that he had signed the plea agreement of his own free will; and that he had committed the offense conduct at issue. The court did not abuse its discretion in discrediting Hardnett's later representations because "[a] defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997). Moreover, the district court did not clearly err in determining that the government would be prejudiced by the withdrawal because a cooperating witness had been sentenced in the interim and therefore had a reduced incentive to testify truthfully in the case against Hardnett. In these circumstances, the district court was well within its discretion in denying Hardnett's motion to withdraw his guilty plea.

As to Hardnett's challenge to two special conditions of supervision, we conclude that a limited vacatur and remand is appropriate as to the alcohol use and treatment condition. District courts exercise broad discretion in imposing conditions of supervised release. *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). A sentencing court may impose special conditions that

3

are reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed to afford adequate deterrence to criminal conduct"; "the need to protect the public from further crimes of the defendant"; and "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," and which "involve no greater deprivation of liberty than is reasonably necessary" for these purposes. U.S.S.G. § 5D1.3(b); *see also* 18 U.S.C. § 3583(d). In imposing a condition of supervised release, the court must "make an individualized assessment" and "state on the record the reason for imposing it; the failure to do so is error." *Betts*, 886 F.3d at 202. Absent an explanation, this Court may uphold the condition "only if the district court's reasoning is self-evident in the record." *Id.* (internal quotation marks omitted).

The district court did not plainly err in imposing the substance abuse treatment condition in light of Hardnett's admissions in his PSR interview regarding his past use of marijuana and the fact that his psychosocial evaluation supported a diagnosis of Cannabis Use Disorder moderate. Indeed, far from objecting to the substance abuse condition at sentencing, defense counsel specifically requested that the court "recommend [Hardnett's] entry into the Drug Treatment Program" because "[a]s the Court indicated, he has a history of substance abuse." A. 107.

With respect to the special condition requiring that Hardnett abstain from all use of alcohol, however, the government concedes that the present record is insufficient. As in *Betts*, the district court was "not presented with any evidence suggesting that defendant ever seriously abused alcohol"; nor any evidence that Hardnett's "underlying crime nor any of the conduct contributing to his violations of supervised release involved the use of alcohol." *Betts*, 886 F.3d at 202–03.

4

Accordingly, a limited remand is appropriate to permit the district court to weigh the necessary factors and determine if the condition is required.

We have considered Hardnett's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's denial of Hardnett's motion to withdraw his guilty plea, as well as the district court's imposition of a special condition of supervised release requiring participation in a substance abuse treatment program. We **VACATE** the special condition prohibiting all use of alcohol and **REMAND** to the district court for further consideration of whether it is necessary to impose any special conditions related to alcohol use and, if so, for the district court to explain the basis for imposing them in light of the factors listed in U.S.S.G. § 5D1.3(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
