19-165-cr
United States v. Scott Andrew Funk

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of February, two thousand twenty.

Present:     GUIDO CALABRESI,
             ROSEMARY POOLER,
             SUSAN L. CARNEY,
                      *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                 *Appellee*,

          v.                                             19-165-cr

SCOTT ANDREW FUNK,

                 *Defendant-Appellant*.

_____

Appearing for Appellant:     Philip L. Weinstein, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y.


Appearing for Appellee:      J. Matthew Haggans, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Azrack, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter be and it hereby is **VACATED and REMANDED**.

Defendant-Appellant Scott Funk appeals from the January 9, 2019 judgment in the United States District Court for the Eastern District of New York (Azrack, *J.*) sentencing him principally to 12 years' imprisonment and 5 years' supervised release. Funk was sentenced after pleading guilty to one count of coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Funk challenges two of the special conditions imposed by the district court on the grounds that they are overbroad and not reasonably related to the pertinent goals of sentencing. The first challenged condition prohibits him from associating with minors unless he is accompanied by a responsible adult and the association is preapproved by a probation officer. The second condition prohibits him from electronically viewing adult pornography as defined by 18 U.S.C. § 2256.

"A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it . . . [unless] the district court's reasoning is self-evident in the record." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (internal quotation marks omitted).

Funk argues that our decision in *United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017) supports his argument that the prohibitions are not reasonably related to the purposes of sentencing and involve a greater deprivation of liberty than is reasonably necessary. He also cites to subsequent decisions from our Circuit involving child pornography convictions and special conditions in which we ultimately remanded because the district court failed to articulate its reasons for imposing special conditions. *See, e.g., United States v. Bleau*, 930 F.3d 35, 43 (2d Cir. 2019); *United States v. Lombardi*, 727 F. App'x 18, 21 (2d Cir. 2018).

Although the district court invited briefing from the parties on the objections made by defense counsel to the special conditions, it then disposed of those objections in a summary text order without further explication. The district court thus never made any specific factual findings regarding the two challenged special conditions.

As the government conceded at oral argument, however, the rationale for the associational prohibition's twin requirements for Funk to have both a responsible adult present *and* a probation officer's preapproval—is not immediately apparent from the record. Nor is it immediately apparent on the record why, given Funk's enticement of a minor, he should be prohibited from electronically viewing legal adult pornography. *See United States v. Eaglin*, 913 F.3d 88, 100-01 (2d Cir. 2019).

We therefore conclude that "the district court did not adequately explain why" the conditions imposed here were "reasonably necessary to promote the relevant 18 U.S.C. § 3553(a) factors." *Bleau*, 930 F.3d at 43.

Accordingly, we VACATE and REMAND the two special conditions at issue with instructions that the district court provide a specific statement of reasons as to the challenged special conditions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3