19-999-cr
*United States v. Brian J. Newton*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of May, two thousand twenty.

PRESENT:     DENNY CHIN,
             SUSAN L. CARNEY,
                     *Circuit Judges*,
             KARI A. DOOLEY,
                     *District Judge.*\*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                     *Appellee*,

             -v-                                      19-999-cr

BRIAN J. NEWTON,

                     *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*       Judge Kari A. Dooley, of the United States District Court for the District of Connecticut, sitting by designation.

FOR APPELLEE:                          MICHAEL MAFFEI, Assistant United States
                                       Attorney (Kevin Trowel, Assistant United
                                       States Attorney, *on the brief*), *for* Richard P.
                                       Donoghue, United States Attorney for the
                                       Eastern District of New York, Brooklyn, New
                                       York.

FOR DEFENDANT-APPELLANT:                EUNICE C. LEE, Federal Defenders of New
                                       York, Inc., New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Brian J. Newton appeals from a judgment entered February 27, 2019, following a guilty plea, convicting him of transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1).  The district court sentenced Newton principally to 228 months' imprisonment.  On appeal, Newton challenges the substantive reasonableness of his sentence.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Newton was arrested on June 8, 2017 following a search of his home pursuant to a search warrant.  After waiving his *Miranda* rights, he admitted to receiving and distributing child pornography.  A review of Newton's phone revealed 1,000 unique images and over 100 videos of child pornography, including images of bondage and bestiality and videos depicting the rape of toddlers.  In addition, Newton

2

admitted to "chatting" online in a sexually explicit manner with two dozen individuals he believed were minors, and to whom he sent pictures of his face and genitals and from whom he solicited sexually explicit photographs. Newton stated that this conduct began one year after he was released from custody on a state conviction for possessing child pornography and while he was on probation for that offense.

Newton pleaded guilty, pursuant to a plea agreement, to one count of transportation of child pornography. In the agreement, the Government estimated a sentencing range of 135 to 168 months' imprisonment, but noted that because of Newton's prior conviction, the statutory minimum was 180 months, and thus the applicable Guidelines sentence would likely be 180 months. The agreement further provided that the Guidelines estimate was not binding on the Government, the Probation Department or the Court, and that the Government would not be deemed in breach of the agreement if the final Guidelines calculation differed from the estimate. At his plea colloquy, Newton acknowledged that the Guidelines range in the plea agreement was not binding.

The Probation Office calculated the applicable Guidelines range as 262 to 327 months' imprisonment, with a statutory minimum of 180 months and a statutory maximum of 480 months. It recommended that the district court impose the statutory minimum sentence. In its sentencing submission, the Government requested a sentence of at least 240 months' imprisonment, while Newton sought a sentence of 180 months'

imprisonment. The district court adopted the Probation Office's Guidelines calculation of a range of 262 to 327 months, and sentenced Newton to a below-Guidelines sentence of 228 months' imprisonment. At sentencing, the court considered the 18 U.S.C. § 3553(a) factors, including the nature and seriousness of the offense (noting the number and type of images and videos Newton possessed and his sexually explicit chats with persons he believed to be minors), his criminal history, the need to avoid sentencing disparities among similarly situated defendants and the goal of deterrence, as well as mitigating factors including Newton's "motivat[ion] to change." App'x at 119-24. The court noted that the sentence was "not . . . guideline[s] driven," and that even if challenged enhancements were not applied, the "sentence [would] be the same." App'x at 122-23.

On appeal, Newton argues that the sentence imposed by the district court is substantively unreasonable because his conduct was typical of child pornography cases and the district court gave undue weight to certain sentencing factors.

## DISCUSSION

### A. Applicable Law

"We review sentencing decisions for procedural and substantive reasonableness," *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019), applying a deferential abuse of discretion standard, *see United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). We will set aside a sentence as substantively unreasonable only

4

when it "cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted). While the weight assigned any particular § 3553(a) factor is "firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable," *United States v. Bleau*, 930 F.3d 35, 42 (2d Cir. 2019) (internal quotation marks omitted), we consider whether, as explained by the district court, a given factor "can bear the weight assigned [to] it under the totality of the circumstances in the case," *Cavera*, 550 F.3d at 191. Indeed, "[w]e will identify as substantively unreasonable only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (citation and internal quotation marks omitted).

**B.    Application**

We conclude that the sentence is not substantively unreasonable. Newton argues that his crime is a "basic, garden-variety version" of transportation of child pornography not deserving of various sentencing enhancements and that the district court gave undue weight to certain factors, including the number and type of images and videos he possessed as well as his sexually explicit chats with persons he believed to be minors. Appellant's Br. at 25-28.

First, Newton cites to our decisions in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), and *United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017), to support his

5

argument that the enhancements should not apply because they are "all but inherent" in child pornography cases. *Jenkins*, 854 F.3d at 188 (internal quotation marks omitted). In neither case, however, did we direct district courts to exclude the enhancements; rather, we noted that they must be "applied with great care." *Dorvee*, 616 F.3d at 184-86. Here, the district court applied the Guidelines with the requisite "great care," acknowledging the concerns in *Dorvee* and noting that the sentence imposed was not Guidelines-driven. Moreover, though Newton's 228-month sentence exceeds the statutory minimum, it falls below the bottom of the Guidelines range, well below the top of the range (327 months), and far short of the 480-month statutory maximum. *See Jenkins*, 854 F.3d at 192 ("District courts should generally reserve sentences at or near the statutory maximum for the worst offenders.").

Further, in addition to stating that the sentence was "not . . . guideline[s] driven," the district court considered the § 3553(a) factors and noted, *inter alia*, the number of images, the sadistic nature of some of the images, the young age of the victims in some of the images, and Newton's chats with persons he believed to be minors, in which he solicited pornographic pictures of the other individuals and sent them pornographic pictures of himself. App'x at 119-24. The court also noted that the conduct occurred shortly after being released from custody on similar charges and that rather than curbing his criminal behavior, Newton escalated it by communicating directly with individuals he believed to be children. Moreover, the court considered as

6

a mitigating factor Newton's remarks at sentencing that he was motivated to change. We conclude that the district court did not assign any factor more weight than it could bear given the totality of the circumstances. *See Cavera*, 550 F.3d at 191; *see also Bleau*, 930 F.3d at 42. The sentence imposed was neither "shockingly high," nor "otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *Singh*, 877 F.3d at 115 (internal quotation marks omitted). Accordingly, applying our highly deferential standard of review, we conclude that the sentence was substantively reasonable.[1]

\* \* \*

We have considered Newton's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Newton further challenges the Government's decision to seek a sentence beyond the 180 months estimated in the plea agreement was "unexplained and unreasonable." Appellant's Br. at 29-30. This challenge is unpersuasive. Although the range stated there turned out to be erroneous, the plea agreement explicitly stated that the Guidelines range it presented was a non-binding estimate. *See United States v. MacPherson*, 590 F.3d 215, 219 (2d Cir. 2009) (finding no plain error where the Government advocates for a sentence that is higher than that estimated in the plea agreement where it is clear from the language of the plea agreement and the plea colloquy that the defendant understood that the estimate was subject to change).

7