19-757-cr
*United States v. Owens*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty.

Present:
JOHN M. WALKER, JR.,
ROBERT A. KATZMANN,
JOSEPH F. BIANCO,
    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                                                    No. 19-757-cr

SEVEN L. OWENS,

    *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | Anthony E. Kaplan, Marc H. Silverman, Assistant United States Attorneys, *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT. |
| For Defendant-Appellant: | Paul F. Thomas, Duffy Law, LLC, New Haven, CT. |

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Seven L. Owens appeals from a judgment entered March 22, 2019 by the United States District Court for the District of Connecticut (Hall, *J.*) sentencing Owens to 25 years' imprisonment, the statutory maximum, following his guilty plea to one count of carjacking in violation of 18 U.S.C. § 2119(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Owens's sole contention on appeal is that it was substantively unreasonable for the district court to impose the maximum legal sentence and that he should have been sentenced within the Sentencing Guidelines range of 151 to 188 months. "A sentence is substantively unreasonable if it cannot be located within the range of permissible decisions." *United States v. Jenkins*, 854 F.3d 181, 187 (2d Cir. 2017). "Our review for substantive unreasonableness is particularly deferential," and "[w]e will identify as substantively unreasonable only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017).[1]

We cannot conclude that imposition of the maximum sentence, although well above the applicable Guidelines range, was an abuse of the district court's considerable discretion. In pleading guilty, Owens admitted to abducting a woman, threatening to shoot her, and repeatedly

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, footnotes, alterations, and citations.

raping her in the presence of her infant child. The district court reasonably concluded that a long sentence would be necessary "to reflect the seriousness of the offense." 18 U.S.C. § 3553(a)(2)(A). The district court also considered Owens's significant history of prior convictions and disciplinary infractions. Finally, the court acknowledged certain mitigating factors, including Owens's difficult childhood and his substance abuse problems. Nonetheless, the court concluded that a sentence within the Guidelines range would not adequately reflect the gravity of Owens's offense. These factors provide adequate justification for the district court's sentence.

Owens argues that the district court gave insufficient weight to the fact that he is subject to a concurrent 45-year state court sentence based on convictions of Connecticut offenses arising out of the same conduct that underlies his federal conviction. Because he will be incarcerated past the expiration of even the maximum federal sentence that could be imposed, Owens argues that an above-Guidelines sentence was "greater than necessary" under 18 U.S.C. § 3553(a) to achieve the goals of sentencing. Owens also argues that it would aid his rehabilitation to serve a greater proportion of his total sentence in Connecticut state prison because he could more easily receive visits from family members. We do not doubt that a district court ought to consider any parallel sentences to which the defendant may be subject for the same conduct in crafting an appropriate federal sentence. The district court here fulfilled that obligation, but permissibly concluded that the existence of the state sentence was outweighed by the need for the federal sentence to reflect the seriousness of Owens's offense. "The weight to be afforded any sentencing factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable." *United States v. Bleau*, 930 F.3d 35, 42 (2d Cir. 2019) (per curiam). Moreover, the fact that Owens's state

3

sentence is concurrent to any federal sentence means that the length of the sentence imposed here will not increase his total term of incarceration. Considering the record as a whole, we cannot say that the district court abused its discretion.

Finally, Owens argues that the factors relied upon by the district court in imposing its above-Guidelines sentence were already captured by the various enhancements that applied to his Guidelines range. The district court acted within its discretion, however, by concluding that these enhancements did not fully reflect the gravity of the offense conduct. We have observed that "some Guidelines enhancements and reductions apply without modulation to a wide range of conduct," such that "a district court may find that . . . there is a wide variety of culpability amongst defendants" even where the same enhancements apply. *United States v. Cavera*, 550 F.3d 180, 192 (2d Cir. 2008) (en banc).

For the foregoing reasons, we conclude that Owens's sentence is not so "shockingly high," *Singh*, 877 F.3d at 115, as to be substantively unreasonable. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4