20-2263-cr
United States v. Fair

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand twenty-one.

PRESENT:  PIERRE N. LEVAL,
          RAYMOND J. LOHIER, JR.,
              *Circuit Judges*,
          GARY S. KATZMANN,
              *Judge.**

----------------------------------------------------------------

UNITED STATES OF AMERICA,

     *Appellee*,

     v.                            No. 20-2263

DAITWAUN FAIR, FKA SEALED DEFENDANT #1,

     *Defendant-Appellant*.**

----------------------------------------------------------------

* Judge Gary S. Katzmann, of the United States Court of International Trade, sitting by designation.
** The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT:     Melissa A. Tuohey, Assistant
                             Federal Public Defender, *for*
                             Lisa A. Peebles, Federal Public
                             Defender, Office of the Federal
                             Public Defender, Syracuse, NY.


FOR APPELLEE:                Nicolas Commandeur, Paul D.
                            Silver, Assistant United States
                            Attorneys, *for* Antoinette T.
                            Bacon, Acting United States
                            Attorney for the Northern
                            District of New York, Albany,
                            NY.

Appeal from a judgment of the United States District Court for the

Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Daitwaun Fair appeals from a judgment of

conviction entered by the District Court (Scullin, J.) after Fair pleaded guilty to

conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C.

§§ 841(b)(1)(B) and 846, possession with intent to distribute cocaine, in violation

of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and maintaining a drug-involved

premises, in violation of 21 U.S.C. §§ 856(a)(1) and 856(b).  The District Court

2

sentenced Fair principally to a below-Guidelines term of 102 months' imprisonment. On appeal, Fair challenges his sentence as substantively unreasonable. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a district court's sentencing decision for substantive reasonableness "under a deferential abuse-of-discretion standard." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation marks omitted). We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Id. (quotation marks omitted).

Fair first argues that his sentence was substantively unreasonable because "Fair's co-defendants, who received lesser sentences, were more culpable." Appellant's Br. 14. But a sentencing court is not required to consider sentencing disparities among co-defendants. See United States v. Ghailani, 733 F.3d 29, 55 (2d Cir. 2013). In any event, Fair's argument fails to account for the lesser drug

3

quantities attributed to his codefendants and ignores his unique managerial role in the conspiracy.

Fair also contends that the District Court failed to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).  We are not persuaded.  The District Court imposed a sentence below the applicable Guidelines range of 108 to 135 months' imprisonment.  In doing so, it expressly considered mitigating factors, including the conditions of Fair's pre-sentence confinement in county jail.  The District Court also considered the nature of Fair's offense and his role in "a large scale cocaine trafficking ring" as "the person making it happen."  We have no reason to doubt that the District Court considered all of the factors specified in § 3553(a).  Further, "[t]he weight to be afforded any sentencing factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed" is within the range of permissible decisions.  United States v. Bleau, 930 F.3d 35, 42 (2d Cir. 2019) (quotation marks omitted).

We therefore conclude that Fair's sentence was substantively reasonable.[1]

We have considered Fair's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] To the extent Fair suggests that the District Court's factual findings regarding Fair's employment history lack support in the record, a sentencing court makes a procedural error if it "rests its sentence on a clearly erroneous finding of fact."  Cavera, 550 F.3d at 189.  Fair does not argue that his sentence was procedurally unreasonable, and, even if he did, we would conclude that the District Court's characterization of Fair's employment history was not clearly erroneous.