*United States v. Bilyou*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-one.

PRESENT:

> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                 No. 20-3675

RICKY J. BILYOU, AKA RICKY BILYOU,

> *Defendant-Appellant.*

_____

FOR APPELLANT:                          Molly Corbett, James P. Egan, Assistant Federal Public Defenders, *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Albany, NY.

FOR APPELLEE:                                    Paul D. Silver, Michael S. Barnett,
                                                 Assistant United States Attorneys, *for*
                                                 Antoinette T. Bacon, Acting United States
                                                 Attorney for the Northern District of
                                                 New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 20, 2020, is **AFFIRMED** and the case is **REMANDED** to allow correction of the Statement of Reasons.

Defendant-Appellant Ricky J. Bilyou appeals from a criminal judgment sentencing him to 30 months' imprisonment and a five-year term of supervised release following his 2020 guilty plea to one count of Failure to Register as a Sex Offender. *See* 18 U.S.C. § 2250(a). His obligation to register as a sex offender stemmed from his 2016 conviction for "child exploitation" under Indiana law. Bilyou now challenges the district court's imposition on him of a special condition of supervised release prohibiting him primarily from viewing, possessing, or owning any material depicting "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2), until he has been "evaluated by a treatment provider" and a provider has determined "that viewing of pornography is not detrimental to [his] rehabilitation or presents an unacceptable risk of danger to the public." (Special Condition 9). App'x at 70. The parties also jointly seek remand to allow the district court to correct its Statement of Reasons and align it with its judgment as orally pronounced. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm and to remand.

*Challenge to Special Condition 9.* Bilyou contends that Special Condition 9 is unlawful in that it imposes on him a greater deprivation than necessary of his liberty interest in constitutionally protected material; it is inadequately related to the relevant sentencing factors; and it is insufficiently supported by the district court's factual findings and the record. Bilyou faults the district court in particular for citing "no evidence of a connection

between Bilyou's accessing adult pornography with the offense conduct or other section 3553(a) factors." Appellant's Br. at 14.

Adult pornography "receive[s] full First Amendment protection when in the possession of ordinary adults," but it is well established that pornographic materials "may be regulated in the hands of parolees to a much greater extent."[1] *United States v. Eaglin*, 913 F.3d 88, 99 (2d Cir. 2019). To support such regulation, a court "must make factual findings supporting its view that the condition is designed to address a realistic danger and that the deprivation the condition creates is no greater than reasonably necessary to serve the sentencing factors." *Id.* at 100. This Court has "routinely rejected bans on possession of adult pornography as a condition of supervised release where the district court failed adequately to connect the need for that condition to the defendant's likelihood of recidivism or to another sentencing factor." *Id.* at 99. The court must conduct an individual assessment and articulate a reason for imposing the condition "unless obvious from the record." *United States v. Bleau*, 930 F.3d 35, 43 (2d Cir. 2019).

At Bilyou's sentencing, the district court referred to his 2015 conviction "for sexual exploitation of a 15-year-old child which involved using the victim to produce nude images of herself and asking her to produce pornographic video of herself engaging in sex with a male." App'x at 70. It described how, when the victim refused, Bilyou posted revealing photographs of her on social media. The district court also cited Bilyou's "criminal history as outlined in the presentence report," *id.* at 74, which includes a 2014 rape charge that was later reduced to endangering the welfare of a child and disseminating indecent materials to a minor. It found on this basis that "allowing [Bilyou] to engage in viewing of any pornography may be detrimental to his rehabilitation and present undue risks of danger to the public." *Id.* at 70–71.

The district court's review of Bilyou's troubling history and its expressed concerns about rehabilitation and danger to the public amply support its decision to impose Special

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

Condition 9.[2] Our conclusion is reinforced by the district court's limitation on the condition, commenting at sentencing that the condition is "fluid" and would remain in place "[u]ntil [Bilyou] has been properly evaluated by a treatment provider and such provider determines that [Bilyou's] viewing of pornography is not detrimental to [his] rehabilitation or presents an unacceptable risk of danger to the public." *Id.* at 70, 74. This would at a maximum be for the five years of his supervised release, the district court observed. *Id.* at 71. In light of those limitations and the possibility of reevaluation over the course of his supervised release, the condition is sufficiently narrowly tailored and involves no greater deprivation of liberty than is reasonably necessary to serve the legitimate needs of sentencing.

*Error in the Statement of Reasons:* At sentencing, the district court advised Bilyou that his total offense level was 10 and his criminal history category VI, producing a Guidelines range of 24 to 30 months' imprisonment. The written Statement of Reasons filed by the court, however, while also noting criminal history category VI, reflects in contrast a total offense level of 12 and a Guidelines range of 30-37 months.

We have held that "[w]here an unambiguous oral sentence conflicts with the written judgment, . . . the oral pronouncement of sentence must control." *United States v. A-Abras Inc.*, 185 F.3d 26, 29 (2d Cir. 1999). "When such a conflict exists, the proper remedy is to remand for amendment of the written judgment." *United States v. Jacques*, 321 F.3d 255, 263 (2d Cir. 2003). Because the oral sentence conflicts with the written judgment, we must remand this case to allow the district court to amend the written judgment to match the oral sentence.

We have considered Bilyou's remaining arguments and find in them no basis for reversal.

---

[2] Our view is consistent with that of other Circuits, which similarly have upheld bans on viewing adult pornography during supervised release when the defendant had a history of sex offenses involving child pornography or the distribution of pornography to children. *See e.g., United States v. Brigham*, 569 F.3d 220, 232–34 (5th Cir. 2009) (upholding a ban on viewing adult pornography after the defendant pled guilty to one count of receiving child pornography).

For the foregoing reasons, the judgment of the district court is **AFFIRMED**, and the case is **REMANDED** for the limited purpose of allowing the district court to reconcile the Statement of Reasons with the terms pronounced at sentencing.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court