19-2999-cr
*United States v. Denno*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty.

Present:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                                                    No. 19-2999-cr

GARDNER DENNO,

    *Defendant-Appellant*.

_____

For Appellee:                               Thomas R. Sutcliffe, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

For Defendant-Appellant:          Molly K. Corbett, Assistant Federal Public Defender, *for* Lisa Peebles, Federal Public Defender, Albany, NY.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED in part and VACATED in part**, and the case is **REMANDED**.

Defendant-Appellant Gardner Denno appeals from a judgment entered September 11, 2019 by the United States District Court for the Northern District of New York (McAvoy, *J.*) sentencing Denno, following his guilty plea to six counts of distributing, receiving, and possessing child pornography, to 85 months' imprisonment to be followed by 15 years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Denno argues that the imposition of a 15-year term of supervised release was unreasonable. "We review the reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (per curiam).[1] "A sentence is substantively unreasonable only if it cannot be located within the range of permissible decisions." *United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020). "Where, as here, a defendant does not object at sentencing to a district court's failure to explain its

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

2

reasoning, we review the procedural challenge for plain error." *Id.* "To establish plain error, a defendant must demonstrate: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, we will then exercise our discretion to rectify this forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019) (per curiam).

Denno has not identified any substantive or procedural unreasonableness in the 15-year term of supervised release. The district court explained that a sentence within Denno's Sentencing Guidelines range of 151 to 188 months would be "greater than necessary to meet the goals of sentencing outlined in the statute, including the need for the sentence to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense, afford adequate deterrence to criminal conduct and protect the public from further criminal activity." App'x 85–86. Nonetheless, in light of the "extremely large volume of child pornography" that Denno possessed, as well as the fact that he admitted to having downloaded it over five years and his admitted attraction to minors, the court concluded that "a substantial sentence is necessary in order to protect the public from future crimes that [Denno] may end up committing and [to] afford adequate deterrence for such criminal conduct." App'x 86. This explanation adequately justifies the 15-year supervised release term. Although Denno argues that the district court should have explained why the goals of sentencing could not be met by imposing the minimum 10-year term, we do not "require[] a district court to explain in open court why any particular unselected sentence would be inappropriate." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020).

Next, Denno challenges the imposition of three special conditions of supervised release. "[W]hile we ordinarily review the imposition of conditions of supervised release for abuse of

discretion, we review for plain error where, as here, the defendant had advance notice of the challenged condition and failed to object during sentencing." *Bleau*, 930 F.3d at 39.

Special Condition 3 directs that Denno "must not go to, or remain at, any place where [he] know[s] children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities without the permission of the probation officer." App'x 99. Special Condition 4 provides that Denno "must not go to, or remain at, a place for the primary purpose of observing or contacting children under the age of 18." *Id.* The district court explained that it was imposing these conditions "to prevent any kind of a danger to minors in the community" based on the large amount of child pornography that Denno possessed, as well as his admitted attraction to minors. App'x 87–88. We have previously approved the imposition of similar conditions. *See, e.g.*, *United States v. MacMillen*, 544 F.3d 71, 75 (2d Cir. 2008); *United States v. Dupes*, 513 F.3d 338, 342, 344 (2d Cir. 2008).

Denno argues that Special Condition 3 is overbroad. However, such a restriction is essentially equivalent to a prohibition of visiting places where "children are likely to congregate," which we have already upheld. *MacMillen*, 544 F.3d at 75. So understood, the imposition of Special Condition 3 was not plainly erroneous.

We likewise reject Denno's challenge to Special Condition 4. Although Denno argues that this condition is unconstitutionally vague, it is commonly understood that having the "primary purpose" of observing children is different from engaging in activities where observation is merely incidental or accidental. *See United States v. Balon*, 384 F.3d 38, 43 (2d Cir. 2004) ("[C]onditions of probation can be written—and must be read—in a commonsense way.").

4

Finally, Denno challenges Special Condition 9, which bars him from possessing or viewing sexually explicit material. A ban on the possession of otherwise legal adult pornography is an "unusual and severe condition[]" which "merit[s] our close examination." *United States v. Eaglin*, 913 F.3d 88, 95 (2d Cir. 2019). "We tolerate such conditions only in limited circumstances[.]" *Id.* at 99. "Such bans must be supported on the record by detailed factual findings establishing that the proposed ban is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a) and that it is reasonably necessary to accomplish their objectives. A general reference to 'the public interest' ordinarily will not suffice." *Id.*

As the government concedes, the district court did not explain why an adult pornography ban was necessary to achieve the goals of sentencing. This failure to provide any explanation constitutes plain error. Accordingly, we vacate Special Condition 9 and remand to the district court for further consideration of whether such a condition is necessary and, if so, to make the requisite "detailed factual findings." *Id.*[2]

For the foregoing reasons, the judgment of the district court is **AFFIRMED in part and VACATED in part**, and the case is **REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Although we conclude that the district court did not plainly err in imposing Special Conditions 3 and 4, the district court remains free, upon remand, to modify or clarify the terms of those conditions in response to the concerns raised by Denno in this Court. *See* 18 U.S.C. § 3583(e)(2).

5