*United States v. Weiskopf*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-one.

Present:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> MICHAEL H. PARK,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                    20-199

TIMOTHY J. WEISKOPF,

> *Defendant-Appellant*.

_____

For Appellee:                               TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

For Defendant-Appellant:              JAY S. OVSIOVITCH, Assistant Federal Public Defender, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED**.

Defendant-appellant Timothy J. Weiskopf challenges four conditions of supervised release imposed by the United States District Court for the Western District of New York (Geraci, *J.*) following Weiskopf's guilty plea to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The four contested conditions are: (1) Weiskopf must abstain from alcohol use; (2) Weiskopf may not have unsupervised contact with any child under 18 years of age, including his two grandchildren; (3) Weiskopf must submit to polygraph or computerized voice stress analyzer testing if approved by the court; and (4) the probation officer may require Weiskopf to notify another person or organization if the court, in consultation with the probation officer, determines that he poses a risk to such a person or organization.

A.      **Legal Standards**

Conditions of supervised release must be "reasonably related" to the statutory purposes of supervision, must "involve no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing," and "must be consistent with any pertinent Sentencing Commission policy statements." *United States v. Birkedahl*, 973 F.3d 49, 53 (2d Cir.

2

2020).[1] "A district court must ordinarily conduct an individualized assessment into the necessity of a special condition of supervised release," and "unless obvious from the record," a court's failure to articulate its reasons for imposing the special condition is error. *United States v. Bleau*, 930 F.3d 35, 43 (2d Cir. 2019).

Weiskopf objected at sentencing to the conditions relating to contact with minors and verification testing, so we review the district court's imposition of those conditions for abuse of discretion. *See United States v. Parisi*, 821 F.3d 343, 346–47 (2d Cir. 2016) (per curiam). Weiskopf did not object to the alcohol and risk-notification conditions, so we review the district court's imposition of those conditions for plain error. *See United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015).

## B.    Abstention from Alcohol Use

The first contested condition requires Weiskopf to "abstain from the use of any alcohol" during his term of supervised release. Joint App'x 89. Though the district court did not articulate any reasons for imposing the prohibition on alcohol consumption, we conclude that the reason for this condition is "obvious from the record." *Bleau*, 930 F.3d at 43. Weiskopf's presentencing submissions indicated that he had taken drugs and alcohol when he committed the offense to which he pleaded guilty. Those submissions further indicated that Weiskopf's alcohol abuse and his viewing of child pornography were both connected to untreated emotional distress stemming from abuse that Weiskopf suffered as a child. Moreover, the presentence report indicated that Weiskopf was under the influence of alcohol when he committed his sole prior criminal offense, a 2013

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

incident in which he stole undergarments belonging to his landlord's wife and minor child.[2] In light of these facts, we find no plain error in the imposition of the condition that Weiskopf abstain from alcohol use.[3]

### C.      Unsupervised Contact with Grandchildren

The second contested condition provides that Weiskopf "shall not have deliberate contact with any child under 18 years of age, excluding his biological or adopted children, unless approved by the probation officer or by the Court or unless supervised by an adult approved by the probation officer or by the Court." Joint App'x 89. At sentencing, Weiskopf's counsel asked whether this condition would include Weiskopf's two grandchildren. The court inquired with the probation officer present at the sentencing, who indicated that grandchildren are typically included within the condition. The following exchange then took place:

> [Defense counsel]: He spends time with his grandchildren fishing, hunting.
>
> . . .
>
> The court: That could be a problem.
>
> [Defense counsel]: Not the fishing at this point. I'm asking, Judge, you know, he be allowed to have contact with his grandchildren unsupervised, the same as he would his children. It's essentially the same relationship.
>
> [Counsel for the government]: I'm opposing.

---

[2] Weiskopf did not object to any of the presentence report's factual findings, and the district court adopted those findings in full.

[3] Weiskopf's reliance on *United States v. Betts*, 886 F.3d 198 (2d Cir. 2018), is misplaced. Unlike here, the defendant in *Betts* had no history of alcohol abuse leading up to the offense, and the underlying offense in *Betts*—bank fraud—had no connection to alcohol use. *Id.* at 202.

> The court: Not really. I'm not going to make that amendment. Thank you.

Joint App'x 59–60.

We respectfully conclude that the district court did not conduct an individualized assessment into the necessity of including Weiskopf's grandchildren within the condition on unsupervised contact with minors. Nor is it obvious from the record why such a condition was reasonably necessary. Weiskopf is not alleged to have posed a danger to his grandchildren or to have engaged in, or attempted to engage in, any inappropriate contact with minors, and his sole prior offense, while serious, did not involve any physical contact with a person. *See Bleau*, 930 F.3d at 43 (holding that justification for no-contact-with-minors provision was not obvious from the record where there were no allegations of inappropriate contact with minors); *see also United States v. Myers*, 426 F.3d 117, 125–26 (2d Cir. 2005) (holding that prohibitions on contact with family members "implicat[e] a fundamental liberty interest protected by due process"). Thus, while this condition may well ultimately be justified in light of the seriousness of Weiskopf's conduct, we remand so the district court can make an individualized assessment.

### D.    Verification Testing and Risk Notification

Finally, Weiskopf's vagueness, overbreadth, and improper-delegation challenges to the verification-testing and risk-notification conditions are foreclosed by our recent decisions holding that similar challenges to nearly identical conditions of supervised release were unripe. *See Birkedahl*, 973 F.3d at 54–58 (holding that challenge to verification-testing condition was unripe); *United States v. Traficante*, 966 F.3d 99, 105–07 (2d Cir. 2020) (holding that challenge to risk-notification condition was unripe). Though they are unripe now, these challenges may be raised in the future should the district court order verification testing or grant the probation officer discretion over whether Weiskopf must provide any notification of risk.

5

For the foregoing reasons, the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk