23-6082-cr
United States v. Wilson

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand twenty-four.

PRESENT: RAYMOND J. LOHIER, JR.,
ALISON J. NATHAN,
SARAH A. L. MERRIAM,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    No. 23-6082-cr

REBECCA WILSON,

*Defendant-Appellant*.

------------------------------------------------------------------

1

FOR APPELLANT:                    ROBERT ALAN CULP, Law
                                  Office of Robert A. Culp,
                                  Garrison, NY

FOR APPELLEE:                     MONICA JEANETTE RICHARDS,
                                  Assistant United States
                                  Attorney, *for* Trini E. Ross,
                                  United States Attorney for the
                                  Western District of New York,
                                  Buffalo, NY

Appeal from a judgment of the United States District Court for the

Western District of New York (Frank P. Geraci, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED in part,

and the case is REMANDED for further proceedings consistent with this order.

Rebecca Wilson appeals from a judgment of the United States District

Court for the Western District of New York (Geraci, *J.*) convicting her, following

a guilty plea, of two counts of production of child sexual abuse material in

violation of 18 U.S.C. §§ 2251(a) and 2251(e), and sentencing her to 300 months'

imprisonment followed by ten years' supervised release. Wilson contends that

the District Court procedurally erred in imposing certain special conditions of

supervised release without providing an individualized justification for the

conditions. We assume the parties' familiarity with the underlying facts and the

2

record of prior proceedings, to which we refer only as necessary to explain our decision.

As an initial matter, Wilson disputes that she had adequate prior notice of the conditions of supervised release. We are not persuaded. The Presentence Investigation Report ("PSR") listed the conditions, and Wilson's counsel stated that he reviewed the PSR with her. Because Wilson was notified of the challenged special conditions prior to sentencing but failed to object to any of them, we review her challenge for plain error. *United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019).

At her plea hearing, Wilson admitted to inducing her eight-year-old and five-year-old children to engage in sexually explicit conduct, photographing and videotaping such conduct, and sending the images and videos to a man she was involved with at the time, who had requested that she create them. In her plea agreement, Wilson waived her right to appeal "any component of [her] sentence" if the District Court imposed a sentence of 720 months' imprisonment or less, a term of supervised release of up to life, and a fine of up to $500,000. App'x 50. The parties agree, however, that the appeal waiver does not foreclose Wilson's challenge to the special conditions of supervised release.

At sentencing, the District Court adopted the conditions of supervised release recommended in the PSR. On appeal, Wilson broadly challenges the entire "package" of supervised release conditions, Appellant's Reply Br. 6, but she preserves specific objections to only six of the special conditions: computer monitoring; a prohibition on deliberate contact with minors; polygraph testing; sex offender treatment; mental health treatment; and a requirement that she submit to searches of her person, property, vehicle, or home, based upon reasonable suspicion.

Although the District Court possesses "broad discretion in imposing conditions of supervised release," it must "make an individualized assessment when determining whether to impose a special condition of supervised release, and . . . state on the record the reason for imposing it; the failure to do so is error." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). "There must be a reasonable relationship between the factors considered by the district court in the individualized assessment and the special condition[s] of release being challenged," and the conditions "must impose no greater restraint on liberty than is reasonably necessary to accomplish sentencing objectives." *United States v. Haverkamp*, 958 F.3d 145, 151 (2d Cir. 2020). The conditions must also be

"consistent with pertinent Sentencing Commission policy statements." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019) (quotation marks omitted). Even when a district court fails to state its reasons, however, "we may . . . affirm if the district court's reasoning is self-evident in the record." *United States v. Kunz*, 68 F.4th 748, 760 (2d Cir. 2023) (quotation marks omitted).

The District Court did not explain its reasons for imposing any of the conditions of supervised release. But its reasoning for imposing five of the special conditions — computer monitoring, prohibiting deliberate contact with minor children, the search condition, and sex-offense specific treatment as well as mental health treatment — is self-evident from the record. First, the computer monitoring condition,[1] the prohibition on deliberate contact with minors, and the search condition[2] all clearly relate to Wilson's offense conduct, which involved the sexual abuse of her minor children in her home and the production and dissemination of images and videos of the abuse on her smartphones and through use of the Internet. *See Haverkamp*, 958 F.3d at 151 ("The computer

---

[1] The computer monitoring condition permits the Probation Office to search Wilson's electronic devices when it detects suspicious or impermissible activity.

[2] The search condition requires Wilson to "submit to a search of her person, property, vehicle or place of residence, based upon reasonable suspicion, and permit confiscation of any evidence or contraband discovered." App'x 123.

5

monitoring condition in question was reasonably related to the nature of Haverkamp's offense.  He admitted to a history of sexual contact with children, both online and in person."); *cf. Bleau*, 930 F.3d at 43 (holding that the district court plainly erred in imposing, without explanation, a prohibition on contact with minors because the offense conduct did not entail inappropriate contact with minors).  In addition, § 5D1.3(d)(7)(C) of the Sentencing Guidelines clearly recommends the search condition under these circumstances.  For these reasons, we conclude that the District Court's decision to impose these three special conditions without explanation was not plain error.

We also reject Wilson's challenge to two other special conditions — one requiring her to attend sex-offense-specific treatment, and another compelling mental health treatment.  The District Court ordered both types of treatment after considering a letter *submitted by Wilson* from a psychiatrist who recommended "general and sex offender specific therapy interventions" for Wilson.  App'x 83.  The psychiatrist's recommendation aligns with the Guidelines recommendation that special conditions of supervised release for sex offenders include mental health treatment (assuming the defendant has mental health problems) and sex-offense-specific treatment.  *See* U.S.S.G. § 5D1.3(d)(5),

(7)(A). We therefore affirm the District Court's judgment insofar as it imposed both types of treatment.

By contrast, we conclude that the District Court plainly erred in imposing the special condition requiring Wilson to submit to polygraph, computerized voice stress analyzer, or similar testing at least twice each year. We have previously held that polygraph testing may "further sentencing objectives such as rehabilitation and deterrence," and that its imposition comes with a "reasonably small incremental deprivation[] of liberty." *United States v. Boles*, 914 F.3d 95, 112 (2d Cir. 2019) (quotation marks omitted). But, as Wilson points out, the District Court imposed the condition without explaining why testing was necessary in her case, and its reasoning is not self-evident on this record because Wilson cooperated extensively with the Government and testified truthfully at two trials. *Cf. United States v. Parisi*, 821 F.3d 343, 349 (2d Cir. 2016). Given the lack of "individualized assessment" of the condition and the lack of a "self-evident" basis for the condition in the record, *Betts*, 886 F.3d at 202 (quotation marks omitted), we remand and direct the District Court to vacate the polygraph testing condition or to explain its rationale for imposing it, s*ee Bleau*, 930 F.3d at 43.

As set forth above, Wilson concedes that the appeal waiver bars her from challenging the length of her sentence, but she asks us to remand for plenary resentencing if we vacate the special conditions of supervised release. Wilson fails to show, however, that the special conditions of supervised release are "interrelated" with the length of her carceral sentence, as would be required to justify remand for plenary resentencing. *See United States v. Ojeda*, 946 F.3d 622, 629–30 (2d Cir. 2020). We therefore decline to remand for plenary resentencing.

We have considered Wilson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part, and we REMAND the case with instructions for the District Court to vacate the polygraph testing condition or to explain its rationale for imposing it.[3] Either party may thereafter restore the matter to the active docket of this Court by letter without filing a new notice of appeal. If either party seeks further action from this Court, the matter will be referred to this panel. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Under Rule 32.1 of the Federal Rules of Criminal Procedure, a hearing may not be required to modify the conditions of release on remand. *See* Fed. R. Crim. P. 32.1(c)(2).

8