23-6966-cr (L)
*United States v. Donohue*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand twenty-four.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                          23-6966-cr, 23-6978-cr

JUSTIN DONOHUE,

> *Defendant-Appellant.*

---

| | |
|---|---|
| For Appellee: | Lisa M. Fletcher (Rajit S. Dosanjh, *on the brief*) Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |
| For Defendant-Appellant: | Robert G. Wells, Law Office of Robert G. Wells, Syracuse, NY. |

Appeal from two judgments of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *District Judge*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED** in part, and **VACATED** and **REMANDED** in part.

Defendant-Appellant Justin Donohue appeals from two judgments of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *District Judge*) entered on August 10, 2023, and August 14, 2023, sentencing him to a total of forty months of imprisonment, to be followed by twenty years of supervised release. Donohue pled guilty to: (1) failing to register as a sex offender in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a); and (2) various supervised release violations after completing a prior prison term for receipt of child pornography. His violations included possession of an unauthorized internet-capable device, and failing to report undisclosed Snapchat and e-mail accounts as required under SORNA.[1] On appeal, Donohue challenges the imposition of three special conditions of supervised release that: (1) restrict him to a single internet-capable device; (2) prohibit his contact with his minor son unless permitted by his probation officer; and (3) prohibit his consumption of alcohol. We assume the parties' familiarity with the case.

This Court reviews a district court's decision to impose conditions of supervised release for abuse of discretion. *See United States v. Farooq*, 58 F.4th 687, 694 (2d Cir. 2023).[2] "District courts possess broad discretion in imposing conditions of supervised release." *United States v.*

---

[1] For the SORNA conviction, Donohue was sentenced to sixteen months of imprisonment to be followed by a five-year term of supervised release. For his violations of supervised release, Donohue was sentenced to 24 months of imprisonment to run consecutively to Donohue's prison term for the SORNA offense. The court also imposed a twenty-year term of supervised release to follow, to run concurrently with the five-year term of supervised release imposed for the SORNA offense. The special conditions of release were the same for both sentences. In February 2024, the district court issued an amended judgment in the SORNA case, reducing Donohue's term of imprisonment from sixteen to fourteen months.

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

*Betts*, 886 F.3d 198, 202 (2d Cir. 2018). However, a district court is required to make an "individualized assessment" when determining whether to impose special conditions of supervised release. *Id.* There must be a reasonable relationship between the factors considered by the district court and the challenged condition. *See id.* "[U]nless obvious from the record, the district court must articulate its reasons for imposing the special condition; its failure to do so is error." *United States v. Bleau*, 930 F.3d 35, 43 (2d Cir. 2019).

I. **Single-Device Restriction**

Donohue argues that the district court erred by imposing a condition restricting him to a single internet-capable device on the grounds that: (1) the court failed to make an individualized assessment or provide a sufficient explanation for the condition, and (2) the condition is a substantively unreasonable burden on his liberty.

We conclude that the district court's remarks adequately explain its particularized reasons for imposing the single-device condition in this case. The district court stated that Donohue's SORNA violation, in which he failed to register his undisclosed Snapchat and e-mail accounts, "was facilitated by [his] possession of an unreported internet capable cellular phone, the existence of which [he] attempted to conceal from the probation office." App'x at 62–63. The court acknowledged Donohue's objection to the single-device restriction, but explained that the restriction was based on "[Donohue's] violating behavior," and was "not only appropriate, but very necessary, so that probation can monitor [his] internet activities." *Id.* at 67. The district court further explained that the condition restricting Donohue to a single internet-capable device would be necessary at the outset of Donohue's supervised release, but that this condition was "fluid" and could be revisited by the court after "a period of compliance." *Id.* It is clear from the record that the district court imposed the single-device restriction based on its individualized assessment of

3

Donohue's past misconduct and the specific way in which he had previously violated the terms of his supervised release.

Donohue also argues that the single-device restriction is an unreasonable burden on his liberty in light of *United States v. Kunz*, 68 F.4th 748 (2d Cir. 2023). In *Kunz*, we held that "a restriction limiting a supervisee to just one internet-connected device would pose a significant burden on his liberty, and therefore would need to be imposed by the court and justified by particularized on-the-record findings." 68 F.4th at 767. "We d[id] not suggest that such a severe restraint on internet access could never be warranted," only that "it would require particularized justification by the court." *Id.* The district court did not abuse its discretion by imposing such a condition in this case. As stated above, the district court found that the single-device restriction was necessary to effectively monitor Donohue's internet behavior. The court's concern over the effective monitoring of Donohue's internet behavior was justified given Donohue's overall history of accessing child pornography and specific violation in this case of failing to report an undisclosed e-mail address—which he accessed through an unreported smartphone—that he created to gain membership in child pornography trading groups. In sum, given Donohue's history and the nature of the underlying offense, we find that the single-device restriction imposed in this case is not substantively unreasonable.

## II. Restriction on Contact with Son

Next, Donohue challenges the imposition of a special condition of supervised release prohibiting his contact with minors insofar as it prevents him from communicating with his teenage son without the permission of a probation officer. Donohue argues that the condition as applied to his son is unreasonable and an improper delegation of judicial authority. Donohue does not challenge the restriction with respect to other minors. In particular, he does not challenge the

restriction with respect to his infant daughter whom he allowed a known sex offender to babysit, resulting in the sexual abuse and exploitation of the child. We therefore consider only his challenge to this condition with respect to his son.

We agree with both parties that the district court did not make sufficient findings on the record to warrant imposition of this special condition as it applies to Donohue's contact with his son. In *United States v. Myers*, we determined that if a district court chooses to impose a special condition limiting a defendant's contact with his child, the court must make findings about, at a minimum, the following factors: (i) what the goal of the condition is as applied to the defendant's child; (ii) whether an adequate record has been developed to support the condition; (iii) whether the defendant has a cognizable interest in his relationship with his child; and (iv) what terms of the condition are necessary and not a greater deprivation of any protected interests than reasonable to achieve the sentencing goal. 426 F.3d 117, 130 (2d Cir. 2005). The district court addressed none of these factors as applied to Donohue's son. It may very well be the case that, upon further consideration, the district court is justified in imposing restrictions on Donohue's unfettered ability to communicate with his son, particularly given Donohue's own conduct with respect to minors and his abandonment of parental responsibility which led to the sexual abuse of his daughter at the hands of a known sex offender. But the contours of the restriction must be explained on the record and supported by particularized findings specific to Donohue's son.

Because we vacate and remand this condition for the district court's failure to make sufficient findings, we need not reach Donohue's argument that the special condition contains an improper delegation of judicial authority because it gives the probation officer discretion to decide whether Donohue can contact his son. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485

U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.").

### III.    Alcohol Restriction

Finally, Donohue challenges the imposition of an additional special condition prohibiting his consumption of alcohol. We agree with both parties that the district court did not make sufficient findings on the record to warrant imposition of this special condition. The record shows that Donohue reported that he drinks alcohol only socially and has no history of illegal drug use, except use of marijuana approximately twenty years ago. Donohue has also consistently tested negative for drug use during supervision. Although Donohue admitted to "excessive drinking while in the military" in 2005, App'x at 91, the district court did not refer to that admission as a basis for imposing the condition. We therefore remand to the district court for further proceedings, where it can either (1) vacate the challenged condition, or (2) modify or retain the condition with appropriate particularized findings to support any such condition.

*        *        *

For the reasons stated above, the judgment of the district court is **AFFIRMED** in part, and **VACATED** and **REMANDED** in part.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6