23-8024-cr (L)
United States v. Burnash

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-four.

PRESENT:  RAYMOND J. LOHIER, JR.,
          RICHARD J. SULLIVAN,
          MARIA ARAÚJO KAHN,
              *Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

     *Appellee*,

    v.

    Nos. 23-8024-cr,
    23-8025-cr

JASON BURNASH,

     *Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLANT:                    Molly K. Corbett, Assistant
                                  Federal Public Defender, Lisa
                                  A. Peebles, Federal Public
                                  Defender, Office of the Federal
                                  Public Defender for the
                                  Northern District of New York,
                                  Albany, NY

FOR APPELLEE:                     Richard D. Belliss, Rajit S.
                                  Dosanjh, Assistant United
                                  States Attorneys, *for* Carla B.
                                  Freedman, United States
                                  Attorney for the Northern
                                  District of New York,
                                  Syracuse, NY

Appeal from judgments of the United States District Court for the

Northern District of New York (Anne M. Nardacci, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the November 28, 2023 judgments of the District Court are

AFFIRMED in part, VACATED in part, and REMANDED for further

proceedings consistent with this order.

Defendant-Appellant Jason Burnash appeals from two judgments imposed

by the United States District Court for the Northern District of New York

(Nardacci, *J.*) for (1) Burnash's violations of supervised release related to a prior

offense, and (2) his new offense of failing to update his sex offender registration

2

under the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a). Burnash challenges his 28-month aggregate term of imprisonment — 18 months for his supervised release violations, to run consecutive to a 10-month prison term for the SORNA offense — as procedurally and substantively unreasonable, and he also claims that the District Court improperly imposed three special conditions of supervised release. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part, vacate in part, and remand.

## I. Sentence of Imprisonment

Burnash first contends that the District Court failed to justify the consecutive 18-month prison term it imposed for his supervised release violations. Because Burnash failed to object on this ground, we review his argument for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007). Section 3553 requires the "court, at the time of sentencing, [to] state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). The statute does not "require the district court to issue a full opinion in every case," and when, as here, "the district court imposes a Guidelines sentence,

it may not need to offer a lengthy explanation." *Villafuerte*, 502 F.3d at 210 (quotation marks omitted).  Indeed, "[a]bsent record evidence suggesting the contrary, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors."  *United States v. Kimber*, 777 F.3d 553, 565 (2d Cir. 2015) (quotation marks omitted).

Applying these standards, we discern no error, let alone plain error, with respect to the District Court's explanation.  The District Court sentenced Burnash on both the SORNA offense and his violations of supervised release during the same proceeding.  Having already adopted the Presentence Investigation Report and sentenced Burnash for his SORNA offense, the District Court then focused on the "violation of the Court's trust," emphasizing that Burnash demonstrated an "inability or an unwillingness" to comply with the rules of supervision.  App'x 163; *see United States v. Verkhoglyad*, 516 F.3d 122, 130 (2d Cir. 2008).  The court adequately explained that imposing consecutive prison terms for the supervised release violations was warranted because of Burnash's "numerous" violations and the gravity of those violations, including removing his location monitoring device and fleeing from supervision.  App'x 163–64.

Burnash separately argues that his aggregate sentence was substantively unreasonable. We disagree. We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Caraher*, 973 F.3d 57, 64 (2d Cir. 2020) (quotation marks omitted). Here, the District Court's Guidelines sentence falls comfortably within that range, particularly in view of the recurrence and seriousness of Burnash's conduct.

## II.     Special Conditions of Supervised Release

Burnash challenges three special conditions of supervised release imposed by the District Court. Because Burnash did not object to these conditions, we review for plain error. *See United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008).

### A.  Special Condition 11

First, Burnash challenges Special Condition 11, which provides that he "may be limited to possessing one personal internet-capable device to facilitate the US Probation Office's ability to effectively monitor [his] internet related activity." App'x 162; *see also* App'x 173, 181. Burnash argues, among other things, that the District Court impermissibly delegated authority over implementing this condition to the Probation Office. The Government agrees

5

that the District Court erred, and we also agree that the District Court appears to have impermissibly delegated to the Probation Office the authority to decide in the first instance whether to limit Burnash to a single device. *See United States v. Kunz*, 68 F.4th 748, 767 (2d Cir. 2023) ("[A]ny special condition granting Probation discretion to decide whether or not to restrict a supervisee to a single internet-connected device would constitute an impermissible delegation of the court's judicial authority."). Accordingly, we vacate the judgments insofar as they impose this portion of Special Condition 11, and we remand to permit the District Court to determine whether to impose this limitation based on individualized findings.

## B. Special Condition 12

Second, Burnash challenges Special Condition 12, which requires that, if his job involves the use of a computer, he notify his employer of "the nature of [his] conviction" and "the fact that [his] conviction was facilitated by the use of a computer." App'x 162; *see also* App'x 173, 181. Burnash argues that these requirements effectively create an occupational restriction that potentially renders him "unemployable" and that the District Court failed to justify such a restriction. Appellant's Br. 36. The Government acknowledges the inadequacy

of the District Court's blanket explanation that all the special conditions it imposed were "necessary and justified" based primarily on the nature of Burnash's offense conduct. *See* App'x 157.

We agree that Special Condition 12 imposes an "occupational restriction[]" under § 5F1.5 of the Sentencing Guidelines. *See United States v. Peterson*, 248 F.3d 79, 85–86 (2d Cir. 2001). A sentencing court may impose an occupational restriction only if it determines that there is a "reasonably direct relationship" between the defendant's occupation and the offense conduct, and that the restriction is "reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted." U.S.S.G. § 5F1.5(a). The District Court failed to adequately explain its basis for determining that a relationship exists between Burnash's offense conduct and his work, or that imposing this notification requirement is reasonably necessary to protect the public. And it is not otherwise "obvious from the record" that Special Condition 12 satisfies this standard. *United States v. Bleau*, 930 F.3d 35, 43 (2d Cir. 2019). We therefore vacate the judgments insofar as they impose Special

Condition 12, and we remand to permit the District Court to determine whether to re-impose the condition based on individualized findings.

### C. Special Condition 14

Finally, Burnash challenges Special Condition 14, which requires that he "reside for a period of four months in the residential reentry center or other suitable facility and [] observe the rules of the facility." App'x 165. Burnash argues that this condition is "unusual and severe." Appellant's Br. 37 (quotation marks omitted). We are not persuaded. *See United States v. Murdock*, 735 F.3d 106, 112–13 (2d Cir. 2013) (concluding that a halfway-house condition was "plainly reasonable" in light of the defendant's criminal history, including his prior violations of supervised release conditions). The District Court provided a reasonable justification for imposing this condition — namely, to prevent Burnash from being homeless upon his release. The record, moreover, contains ample evidence that Burnash had experienced multiple episodes of homelessness, and that such housing insecurity had undermined his ability to comply with his conditions of supervision. The condition thus ensures that

Burnash has enough time and support to secure housing upon his release.[1]

We have considered Burnash's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgments of the District Court are AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Burnash's separate contention that this condition is unduly severe because he is likely to be confined in a similar facility toward the end of his term of imprisonment is premature. *See United States v. Balon*, 384 F.3d 38, 46–47 (2d Cir. 2004). If Burnash is transferred to such a facility before his term ends, he can challenge this condition then, and the District Court may modify the condition if it deems it appropriate to do so.