24-1768-cr
*United States v. Carter*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand twenty-five.

PRESENT:
     **BARRINGTON D. PARKER,**
     **SUSAN L. CARNEY,**

          *Circuit Judges.*[*]
_____

UNITED STATES OF AMERICA,

          *Appellee,*

     v.                                              No. 24-1768

_____

[*] This case was originally assigned to a three-judge panel, but one member of the panel was unable to participate in consideration of the matter. The remaining members of the panel, who are in agreement, have decided this case pursuant to Second Circuit Internal Operating Procedure E(b).

**CHARLES CARTER, AKA CHASE,**

*Defendant-Appellant.*

_____

FOR APPELLEE:                          Joseph Nocella, Jr., United States
                                       Attorney for the Eastern District
                                       of New York, David C. James,
                                       Bradley T. King, Assistant
                                       United States Attorneys, *Of
                                       Counsel*, Brooklyn, NY

FOR DEFENDANT-APPELLANT:                Steven Alan Metcalf, II, Metcalf
                                       & Metcalf, P.C., New York, NY


Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-Appellant Charles Carter pled guilty to conspiracy to distribute and possess with intent to distribute at least 40 grams of fentanyl. As part of Carter's plea agreement, Carter and the Government jointly recommended a 204-month sentence of imprisonment. The district court sentenced Carter to 240 months in prison, to be followed by five years of supervised release. On appeal,

Carter challenges his sentence as procedurally and substantively unreasonable. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

This Court reviews sentencing decisions for "reasonableness." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (quotation marks omitted). The reasonableness inquiry is "akin to a deferential abuse-of-discretion standard." *Id.* (quotation marks omitted). The sentence a district court imposes is procedurally unreasonable if, as relevant here, that court "does not give proper consideration to the § 3553(a) factors" or "does not adequately explain the sentence imposed." *United States v. Diamreyan*, 684 F.3d 305, 308 (2d Cir. 2012) (quotation marks omitted). The sentence a district court imposes is substantively unreasonable if it cannot be "located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation marks omitted).

## I. Procedural Reasonableness

Carter argues that his sentence is procedurally unreasonable for two reasons: first, because the district court did not consider the harsh conditions of the pre-sentencing confinement Carter endured as a mitigating factor in sentencing, and second, on the ground that the district court did not properly

3

explain why it rejected the below-Guidelines sentence both Carter and the Government recommended. On both counts, we disagree.

A district court need not perform any "robotic incantations" of the Section 3553(a) factors when imposing a sentence. *United States v. Wagner-Dano*, 679 F.3d 83, 89 (2d Cir. 2012). Instead, the court need only explain its decision well enough "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007).

The district court satisfied that requirement here. Its analysis of the Section 3553(a) sentencing factors spanned more than five pages of the sentencing transcript. In that discussion, the court emphasized the seriousness of Carter's offense conduct, the effect of Carter's crime on the victims and their families, and Carter's extensive criminal history. That discussion makes clear why the district court chose to impose a sentence within the Guidelines rather than below them.

Moreover, a district court need not "make specific responses to points argued by counsel in connection with sentencing," let alone "address every argument the defendant has made." *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010) (quotation marks omitted). We therefore have no difficulty concluding

4

that the district court's "detailed reasoning is fully adequate to justify the sentence imposed in all respects"—whether or not the court discussed the conditions of Carter's confinement at length. *United States v. Conca*, 635 F.3d 55, 66 (2d Cir. 2011).

## II. Substantive Reasonableness

Carter also argues that imposing thirty-six additional months of incarceration above the 204 months the Government, Probation Department, and Carter jointly recommended was substantively unreasonable. Again, we disagree.

Substantive reasonableness review is "deferential." *Cavera*, 550 F.3d at 191. Sentences are rarely struck down unless they are "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019) (quotation marks omitted).

Notably, Carter does not contend that his 240-month sentence is "shockingly high." Nor could he. Carter was sentenced toward the very bottom of his advisory Guidelines range. And while a "within-Guidelines sentence is not presumptively reasonable," a Guidelines sentence "will fall comfortably within the broad range of sentences that would be reasonable" in "the overwhelming majority of cases." *United States v. Pollok*, 139 F.4th 126, 145 (2d Cir. 2025) (quotation marks omitted).

Instead, Carter challenges how the district court weighed the relevant sentencing factors to arrive at a 240-month sentence. Specifically, he argues that the court improperly prioritized the seriousness of his crime over mitigating circumstances like the conditions of confinement he experienced at the Metropolitan Detention Center and his efforts to rehabilitate himself while incarcerated.

But a defendant's "disagreement" with how the district court weighed the Section 3553(a) factors "does not render his sentence substantively unreasonable." *United States v. Rivera*, 115 F.4th 141, 153 (2d Cir. 2024). The district court imposed the sentence it did because Carter sold large quantities of fentanyl, that fentanyl contributed to the deaths of two people, and after Carter learned that his first victim had died, he "continued . . . to deal the very same substances." App'x 129. On those facts, the seriousness of Carter's bears the weight the district court assigned it, *cf. Pollok*, 139 F.4th at 145–46, and the resulting 240-month sentence was substantively reasonable.

We have considered Carter's remaining arguments and conclude they are without merit.[1] Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] To the extent Carter argues that the district court improperly calculated his Guidelines range, that argument is waived. In his plea agreement, at his plea hearing, in his sentencing memorandum, and at his sentencing hearing, Carter repeatedly affirmed that his projected Guidelines range was correct. Any challenge to it on appeal is therefore waived. *See United States v. Yu-Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995) ("[T]rue waiver . . . negate[s] even plain error review." (cleaned up)).